**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **CURTIS TOWNS,** | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) CIVIL ACTION NO. 5:16-CV-415 (MTT)<br>) |
| **WALMART STORES EAST, LP,** *et al.*, | )<br>) |
| Defendants. | )<br>) |

## ORDER

The Plaintiff has moved to strike the Defendants' expert report. Doc. 18. The Plaintiff's motion is difficult to follow, and the Plaintiff did not reply to the Defendant's response (Doc. 19) to the motion. The Plaintiff appears to argue that the Court should strike the expert report of witness Michael Parker Dailey, MD, because the Defendants (1) failed to timely disclose the identity of Dr. Dailey and (2) failed to comply with the requirements of expert reports set forth in Federal Rule of Civil Procedure 26(a)(2)(B). Doc. 18 ¶¶ 2; 6. The motion is **DENIED**.

## I. DISCUSSION

In this Court's Scheduling and Discovery Order, which was drafted by the parties, the Defendants were required to "disclose the identity of any expert witness on or before **March 7, 2017**." Doc. 8 at 7-8 (emphasis in original). Federal Rule of Civil Procedure 26(a)(2)(B) requires expert witness disclosures to "be accompanied by a written report" signed and prepared by the expert witness, unless otherwise stipulated or ordered by the district court. The Scheduling and Discovery Order also required supplemental expert reports to be served on or before April 16, 2017. *Id.* at 8.

The Plaintiff appears to first challenge the timeliness of the Defendants' expert reports relating to Dr. Dailey. *See* Doc. 18 ¶ 2 ("On *March 09*, 2017, the Defendant served on the Plaintiff two reports with respect to Michael Parker Dailey, MD whom Defendant asserts will give expert testimony in this action." (emphasis in original)). The Defendants filed an expert report on March 7, 2017, though it was unsigned. Doc. 13. The Defendants state that Dr. Dailey "was away from his office and could not provide a signed report by March 7," so the Defendants filed an unsigned expert report in the interim. Doc. 19 at 2-3. The Defendants intended to re-file that expert report when Dr. Dailey was able to sign it, and they did so on March 9. *Id.*; *see also* Docs 14; 15.

The Plaintiff also argues that the expert reports relating to Dr. Dailey were insufficient for the following reasons: "(a) The basis and reasoning of the opinions expressed . . . are not set forth in sufficient detail to comply with Rule 26(a)(2)(B); (b) The facts or data considered in forming the opinions are not expressed in sufficient detail to comply with Rule 26(a)(2)(B); (c) The report fails to contain a list of prior cases in which, during the previous four years, he testified as an expert by trial or deposition." Doc. 18 ¶ 6. The Plaintiff fails to provide even the barest explanation of what he means by the Defendants' failure to "set forth in sufficient detail" Dr. Dailey's "basis and reasoning" and "facts or data." *See id.*

"A motion to strike is a drastic remedy to be resorted to only when required for the purposes of justice," and prejudice against the moving party is an important part of the analysis. *Stephens v. Trust for Public Land*, 479 F. Supp. 2d 1341, 1346 (N.D. Ga. 2007) (citation omitted)); *see also id.* ("Moreover, motions to strike are rarely granted absent a showing of prejudice." (citation omitted)). The Plaintiff alleges no prejudice in his motion. *Cf. Mitchell v. Ford Motor Co.*, 318 F'Appx. 821, 823-24 (11th Cir. 2009)

(affirming the grant of a motion to strike the plaintiff's expert disclosures when those disclosures insufficiently set forth the basis of the expert opinion and the plaintiffs failed to supplement the disclosures for seventeen months after the initial report).

Not only has the Plaintiff failed to show prejudice, the Scheduling and Discovery Order allowed supplements to the expert reports through April 16. Doc. 8 at 8. In other words, the Defendants were still able to remedy any issues without leave of Court when the Plaintiff made his motion on March 27. Moreover, the Scheduling and Discovery Order provided: "Before moving for an order relating to discovery . . . the movant must contact [the Courtroom Deputy] to request a telephone conference with the Court." Doc. 8 at 8. The Plaintiff should have first tried to remedy his dispute with the Defendants. If that proved futile, the Scheduling and Discovery Order required the Plaintiff to contact the Courtroom Deputy. The Plaintiff failed to do so. Further still, on March 13, the Court ordered the parties to submit a report "on the status of discovery." Doc. 16. On March 20, the Plaintiff's counsel signed on to a joint Discovery Status Report which did not identify the expert reports issue; in fact, the Report explicitly specified that "[t]he parties are not aware of any expert discovery issues." Doc. 17 at 1. Yet on March 27, the Plaintiff filed this motion, complaining about something that happened on March 7. Doc. 18. The progression from "not aware of any expert discovery issues" on March 20, to a motion to strike on March 27, suggests a lack of attentiveness on behalf of the Plaintiff's counsel.

## II. CONCLUSION

Accordingly, the Plaintiff's motion to strike (Doc. 18) is **DENIED**.

**SO ORDERED** this 12th day of June, 2017.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
